John R. BROADWAY, Movant,

v.

KENTUCKY BAR ASSOCIATION, Respondent.

No. 98–SC–796–KB.

Supreme Court of Kentucky.

Nov. 19, 1998.

*OPINION AND ORDER*

John R. Broadway, of Louisville, moves for the termination of Kentucky Bar Association (KBA) disciplinary proceedings against him by imposition of a suspension from the practice of law for ninety (90) days pursuant to SCR 3.480(3). The KBA concurs with this proposed disposition. For the reasons set forth below, his motion is granted.

On March 9, 1998, the Inquiry Tribunal issued a four-count charge against Movant. The charge arose from Movant's representation of Karen Adams. Ms. Adams hired

Movant in late December 1996 to represent her in obtaining a child support increase and paid Movant a $150.00 retainer. Movant told Adams he would file the motion shortly after the new year. Adams did not hear from Movant for several weeks and called him in late January 1997 to inquire whether the motion had been filed. The motion was not filed until February 20, 1997. Movant requested more information from Adams on February 27, 1997, and another motion to increase or modify child support was filed on March 12, 1997. Beginning in March 1997, Adams began to have difficulty contacting Movant. Many of her phone calls either were not returned, or were not promptly returned.

In June 1997, Adams's son had difficulty obtaining medical attention because he did not have an insurance card. Movant told Adams he would file a motion to hold the child's father in contempt. Movant notified Adams of two separate court dates pertaining to this matter. However, prior to each purported hearing date, Movant told Adams that the hearing had been cancelled.

In September 1997, Adams's brother, an attorney, examined her court file at the Jefferson County Hall of Justice. He discovered that the last item in the record was filed in March 1997. He also discovered that no motions or orders regarding hearing dates were in the file, even though Movant had informed Adams that he had scheduled two separate hearings which were subsequently cancelled. When confronted with this information, Movant responded that he had copies of his work and that some items may not appear in the official record. Movant promised to send Adams a copy of everything in her file. He also informed Adams that he would file a motion for contempt against opposing counsel for failure to provide him with necessary information regarding her son's medical card. Adams did not promptly receive a copy of her file and had to request it a second time. When she finally did receive the copy of her file, it contained no information pertaining to the supposedly scheduled hearings. Adams continued her attempts to contact Movant, but her calls were not returned. In October 1997, Adams discharged Movant and retained other counsel.

Adams filed a bar complaint against Movant on October 30, 1997. Movant received a copy of the Bar complaint by certified mail on November 15, 1997, but failed to file a response or acknowledge receipt within fifteen days. SCR 3.160(1). On December 16, 1997, a warning letter was sent to Movant informing him of his failure to file a response to the Bar complaint. Movant received this letter by certified mail on December 26, 1997, but again failed to respond.

In Count I, the Inquiry Tribunal charged Movant with violating SCR 3.130–1.3, which provides that "A lawyer shall act with reasonable diligence and promptness in representing a client."

Count II charges Movant with a violation of SCR 3.130–1.4(a), which provides that "A lawyer should keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

Count III charges Movant with violating SCR 3.130–8.3(c), which provides that it is professional misconduct for a lawyer to "[e]ngage in conduct involving dishonesty, fraud, deceit or misrepresentation."

Count IV charges Movant with violating SCR 130–8.1(b), which provides that in connection with a disciplinary matter, a lawyer shall not "[k]nowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority."

Movant admits the allegation of each count of the charge and acknowledges that his conduct as alleged in Counts I, II, III and IV constitutes unethical conduct. The KBA does not object to Movant's motion for suspension from the practice of law for ninety days. Movant's admitted conduct constitutes a violation of the Rules of Professional Conduct as charged in all four counts of the charge.

For the foregoing reasons, Movant's motion for suspension from the practice of law for ninety days is granted. It is hereby further ordered that:

1. The Movant, John R. Broadway, is hereby suspended from the practice of law in Kentucky for a period of ninety (90) days. The period of suspension shall commence on the date of entry of this order and continue until such time as Movant is reinstated to the practice of law by order of this Court pursuant to SCR 3.510 or any controlling amendment to SCR 3.510.

2. In accordance with SCR 3.450 and SCR 3.480(3), Movant is directed to pay all costs associated with this disciplinary proceedings against him, said sum being $28.22, and for which execution may issue from this Court upon finality of this opinion and order.

3. Pursuant to SCR 3.390 Movant shall within ten days from the entry of this order, notify all clients in writing of his inability to represent them, and also notify all courts in which he had matters pending of his suspension from the practice of law, and furnish copies of said letters of notice to the director of the Kentucky Bar Association.

All concur.

ENTERED: November 19, 1998.

/s/ *Joseph E. Lambert*
CHIEF JUSTICE